UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BASEM NASSAR,

               Petitioner,

Case No. 1:07-CV-1066

v.

Hon. Richard Alan Enslen

VINCENT J. CLAUSEN and
ALLEN L. BYAM,

**<u>OPINION</u>**

               Respondents.

_____/

      This matter is before the Court on review of Petitioner Basem Nassar's Petitioner for Writ of Habeas Corpus and Immediate Release from Custody, as well as Petitioner's Motion for Summary Judgment and Respondents' Response seeking summary denial of the Writ. These matters have been fully briefed. On review of the briefing, the Court determines that oral argument is unnecessary in light of the briefing. Relief will be denied this Petition, although the denial will be subject to future reconsideration should Petitioner's deportation be subject to unanticipated obstruction and delay.

      **<u>BACKGROUND</u>**

      This Petition is filed under the auspices of 28 U.S.C. § 2241. Petitioner is an alien against whom the Bureau of Immigration and Customs Enforcement ("ICE") issued an Order of removal due to his criminal history, which became final upon entry of a March 12, 2007 Order dismissing his appeal. (Pet., Ex. B.) Respondents are the ICE official (Vincent J. Clausen) and Calhoun County Sheriff (Allen L. Byam), who have detained Petitioner in jail pending his deportation. Petitioner previously requested that ICE release him on bail due to the administrative delay of the Israeli

Government in granting him a travel document to facilitate the deportation. This request was denied by ICE on October 15, 2007.  (Pet., Ex. A.)

According to Respondents, the post-removal order process began on March 16, 2007 when ICE sent a travel document application to the Israeli Consulate.  (Joseph Camaj Decl. ¶ 5.)  Such requests are typically processed within six to eight months.  (*Id.*)  On September 11, 2007, Consul Eliahu Levy of the Israeli Consulate visited ICE's Detroit office to discuss the application and advised ICE that the application was still under review.  (*Id.* at ¶ 6.)   On December 18, 2007, the Israeli Consulate informed Joseph Camaj, the Detention and Deportation Officer assigned this matter, that it was prepared to issue a travel document.  (*Id.* at ¶ 7.)  Although the document had not issued as of December 20, 2007, Camaj has stated that he is not aware of any barriers preventing Petitioner's deportation as soon as it receives the travel document.  (*Id.* at ¶¶ 9-11.)

Notwithstanding such assurances, Luceille Nassar, Petitioner's wife, spoke with the Israeli Consulate in Chicago, Illinois on January 10, 2008.  (Luceille Nassar Aff. ¶¶ 5-6.)  She was then told by the Consulate that a final determination on the application had not been made and the Consulate could not say when, if ever, the travel document would issue.  (*Id.* at ¶ 7.)  Mrs. Nassar, who cares for their three children, has experienced psychological problems without her husband and attempted suicide after he was ordered removed.  (*Id.* at ¶¶ 2-4.)

## **JURISDICTION**

Constitutional challenges to detention after the issuance of a final removal order are properly heard as habeas petitions brought pursuant to 28 U.S.C. § 2241. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Under section 2241, the petition shall  be directed to the district court within the district wherein the petitioner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004); *Roman v.*

2

*Ashcroft*, 340 F.3d 314, 316 (6th Cir. 2003). Since Petitioner is confined within the Calhoun County Jail, which is in this District, his habeas petition is properly before this Court. Also, there is no administrative exhaustion requirement as to this kind of habeas challenge. *See Baidas v. Jennings*, 123 F. Supp. 2d 1052, 1056-57 (E.D. Mich. 1999).

**<u>LEGAL STANDARDS</u>**

Federal Rule of Civil Procedure 81(a)(2) provides that habeas petitions, aside from those governed by 28 U.S.C. §§ 2254-2255, are controlled by the Federal Rules of Civil Procedure. The Sixth Circuit Court of Appeals has said, consistent with the Rule, that Rule 56 governs motions for summary judgment brought in habeas proceedings. *Bowdidge v. Lehman*, 252 F.2d 366, 368-69 (6th Cir. 1958). "Summary judgment in any case should be cautiously invoked to the end that the parties may be afforded a trial 'if they really have issues to try.'  . . .  It cannot be granted when there is genuine dispute as to some material fact." *Id.* (citation omitted). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). If, after adequate time for discovery on material matters at issue, the non-movant fails to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323.

In addition to the authority provided by Rule 56, the governing habeas statutes, especially 28 U.S.C. § 2243, directs the district court to consider a habeas case upon filing of an answer and traverse, and "shall summarily hear and determine the facts, and dispose of the matter as law and justice require."  This statute does not mandate an evidentiary hearing when the facts essential to consideration are already before the court. *Bergenthal v. Cady,* 466 F.2d 635, 638 (7th Cir. 1972); *see also Jeter v. Keohane*, 739 F.2d 257, 258 (7th Cir. 1984); *Tijerina v. Thornburgh*, 884 F.2d 861,

866 (5th Cir. 1989); *Witham v. United States*, 355 F.3d 501, 506 (6th Cir. 2004); *Edwards v. Parker*, 1995 WL 222184, \*1-2 (6th Cir. Apr. 13, 1995) (following *Jeter*). The evidence and the affidavits filed by the parties are wholly consistent. Petitioner's Motion seeks summary judgment explicitly. Respondents' Response seeks summary judgment implicitly because it requests denial of the habeas petition. Oral argument and evidentiary hearing are unnecessary in light of the briefing and the existing record.

### **LEGAL ANALYSIS**

This Petition falls within the statutory (28 U.S.C. § 2241) and constitutional (art. I, sec. 9) authority for the Great Writ of Habeas Corpus. Although most immigration review is now done by the courts of appeals pursuant to various federal statutes, including 8 U.S.C. § 1252, these statutes have not displaced the Great Writ with respect to challenges to post-removal order detention. *Zadvydas*, 533 U.S. at 687-88.

Of course, the Fifth Amendment to the United States Constitution contains the most basic bulwark of people against deprivations of the Government. It forbids governmental "depriv[ation] of life, liberty, or property, without due process of law . . . ." This guarantee was applied in *Zadvydas* to continued post-removal order detention of aliens whose home countries frustrated their deportation. *Id.* at 690-702. There, as here, the governing statute provided for 90-days of detention for aliens who had not been removed prior to the final order of removal and indefinite detention after the 90-day period of certain aliens deemed by the Attorney General to be "a risk to the community." *See* 8 U.S.C. § 1231(a)(1)-(6); *Zadvydas*, 533 U.S. at 688-89, 697.

This statute, therefore, presents the danger of indefinite detention of aliens whose home countries prevent deportation.  In light of this risk, the Supreme Court announced the following constitutional rule covering such cases:

> We realize that recognizing this necessary Executive leeway will often call for difficult judgments. In order to limit the occasions when courts will need to make them, we think it practically necessary to recognize some presumptively reasonable period of detention. We have adopted similar presumptions in other contexts to guide lower court determinations. *See Cheff v. Schnackenberg,* 384 U.S. 373, 379-380, 86 S. Ct. 1523, 16 L. Ed. 2d 629 (1966) (plurality opinion) (adopting rule, based on definition of "petty offense" in United States Code, that right to jury trial extends to all cases in which sentence of six months or greater is imposed); *County of Riverside v. McLaughlin,* 500 U.S. 44, 56-58, 111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991) (O'CONNOR, J.) (adopting presumption, based on lower court estimate of time needed to process arrestee, that 48-hour delay in probable-cause hearing after arrest is reasonable, hence constitutionally permissible).

> While an argument can be made for confining any presumption to 90 days, we doubt that when Congress shortened the removal period to 90 days in 1996 it believed that all reasonably foreseeable removals could be accomplished in that time. We do have reason to believe, however, that Congress previously doubted the constitutionality of detention for more than six months. *See* Juris. Statement in *United States v. Witkovich,* O.T. 1956, No. 295, pp. 8-9. Consequently, for the sake of uniform administration in the federal courts, we recognize that period. After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

V.

The Fifth Circuit held Zadvydas' continued detention lawful as long as "good faith efforts to effectuate . . . deportation continue" and Zadvydas failed to show that deportation will prove "impossible." 185 F.3d, at 294, 297. But this standard would seem to require an alien seeking release to show the absence of *any* prospect of removal-no matter how unlikely or unforeseeable-which demands more than our reading of the statute can bear. The Ninth Circuit held that the Government was

5

required to release Ma from detention because there was no reasonable likelihood of his removal in the foreseeable future. 208 F.3d, at 831. But its conclusion may have rested solely upon the "absence" of an "extant or pending" repatriation agreement without giving due weight to the likelihood of successful future negotiations. *See id.,* at 831, and n.30. Consequently, we vacate the judgments below and remand both cases for further proceedings consistent with this opinion.

*Zadvydas*,  533 U.S. at 700-702.

Several conclusions are ready having reviewed the whole of the Supreme Court's decision. First, Petitioner has not met his initial burden of showing that "there is no significant likelihood of removal in the reasonably foreseeable future . . . ." *Zadvydas*, 533 U.S. at 701.  In this case, the State of Israel has a regular repatriation process for Israeli citizens and is actively working with the United States Government to facilitate Petitioner's deportation and repatriation.  *Cf. Abdel-Muhti v. Ashcroft*, 314 F. Supp. 2d 418, 420-26 (M.D. Pa. 2004) (granting relief as to Palestinian/Jordanian held by ICE for two years).  Second, there is no evidence of a obstruction or barrier to Petitioner's deportation beyond the delay associated with the usual deportation processes.  Third, the situations attendant in *Zadvydas* were far more desperate and called for far more federal scrutiny  in terms of both the length of detention and the obstacles to deportation posed by the home countries. And finally, though this Court must deny the Petition and grant summary judgment to Respondents, it remains ready (upon either later motion for relief pursuant to Federal Rule of Civil Procedure 60(b) or successive habeas petition) to grant relief based on proof of an obstruction to the deportation process presenting "no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

In denying relief, the Court does not either issue or deny a certificate of appealability because that process is not applicable to a true habeas petition under section 2241 arising from federal custody. *Witham*, 355 F.3d at 504.

## CONCLUSION

Accordingly, Petitioner Basem Nassar's Petition for Writ of Habeas Corpus and Motion for Summary Judgment will be denied, and judgment entered in favor of Respondents.

```
                                        /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:                 RICHARD ALAN ENSLEN
      February 4, 2008                  SENIOR UNITED STATES DISTRICT JUDGE
```